UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

MOHAMMAD NABULSI AND
HIND SERAJALDIN,

Case No. 11-65698
Chapter 7
Hon. Walter Shapero

Debtors.
_____/

## OPINION GRANTING U.S. TRUSTEE'S MOTION TO DISMISS

Mohammad Nabulsi and Hind Serajaldin ("Debtors") jointly filed the present Chapter 7 bankruptcy. The United States Trustee ("UST") filed this Motion to Dismiss pursuant to 11 U.S.C. § 707 (b)(2) (Means Test) and (b)(3) (totality of the circumstances). Those sections state in relevant part that the Court may dismiss or convert the case if it finds abuse of the provisions of the Bankruptcy Code.

### § 707 (b)(2)

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of—
>
> (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $7,025, whichever is greater; or
>
> (II) $11,725.
>
> ***
>
> (i) In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

1

> (ii) In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide—
>
>> (I) documentation for such expense or adjustment to income; and
>>
>> (II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.

**§ 707 (b)(3)**

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph (2)(A)(i) does not arise or is rebutted, the court shall consider—
>
> (A) whether the debtor filed the petition in bad faith; or
>
> (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

Debtor's filed a total of four schedules and Means Tests. The first was filed by Debtors' former counsel on September 30, 2011. It indicated that, given the Debtors' income and expenses, the presumption of abuse arises. As such, Mr. Nabulsi filed an affidavit of special circumstances that sought to rebut that presumption. On January 11, 2012, the UST filed the Motion to Dismiss.

On January 25, 2012, Debtors' present counsel filed his notice of appearance and, shortly thereafter, replied to the UST's motion and amended the Debtors' schedules and Means Test. These documents, filed on February 8, 2012, also indicated that the presumption of abuse arises. The Court scheduled an evidentiary hearing on the UST's motion. On August 20, 2012, the day before the evidentiary hearing, Debtors filed their third schedules and Means Test. These new figures indicate that the presumption of abuse continued to arise, although the document checked the box stating "The presumption does not arise" which was admittedly in error. The Court took evidence incident to the issue of the totality of the circumstances. Thereafter, on November 19,

2

2012, the UST filed a post-hearing brief that relied on the most recent figures filed by the Debtors as of that time.

On January 6, 2013, Debtors filed their fourth and most recent amended schedules and Means Test and, the following day, filed their post-hearing brief, both stating that the presumption does not arise. However, these latest figures, as provided by the Debtors themselves, indicated that the presumption *does* arise. The crux of the Debtors' post-hearing brief was that (a) the most recent figures indicate that the presumption of abuse no longer arises; (b) as such, the issue of rebutting the presumption with special circumstances is unnecessary; and (c) the issue of totality of the circumstances under § 707 (b)(3) has become moot. The UST did not file any response.

Because the Court found the Debtors' figures to indicate that the presumption continues to arise notwithstanding the latest amendments, but the Debtors' brief argues exactly the opposite, the Court held a hearing on June 27, 2013 seeking clarification. At this hearing, Debtors argued that the presumption of abuse does not arise. The apparent basis of that conclusion was that, although the presumption arose under one aspect of the Means Test, the secondary aspect precluded the presumption from arising. Counsel for the Debtors stated: "If you just stop at line 50, yeah, the presumption arises, but there is a secondary analysis to be done under the Means Test, and that's how we got to the fact that the presumption of abuse no longer arises." He also indicated that shortly after the evidentiary hearing, Mr. Nabulsi received a pay cut from his employer, which worsened the Debtors' financial situation.

As stated in § 707 (b)(2), the Means Test requires that the Debtors' 60 month disposable income (as entered on line 51 of the Means Test form) not exceed <u>the lesser of</u> (a) the greater of

3

$7,025 or 25% of the total nonpriority unsecured claims; and (b) $11,725. As stated on the Debtors' most recent Means Test, their 60 month disposable income is $39,039.60, which is above $11,725. However, Debtors argued that because their 60 month disposable income is less than 25% of their total nonpriority unsecured claims (which they calculated to be $46,614.50), the presumption of abuse does not arise because of this secondary calculation. However, the statute clearly states that the 60 month disposable income is compared to the <u>lesser</u> of the two above-stated options. In this case, the lesser figure is between $46,614.50 and $11,725 is the latter, and the Debtors are far in excess of that threshold. That in itself is sufficient to raise the presumption of abuse, without any need to engage in further calculations. The Means Test form itself states on box two of line 52, which the Debtors checked: "The amount set forth on Line 51 is more than $11,725. Check the box for 'The presumption arises' at the top of page 1 of this statement… Do not complete the remainder of Part VI." Part VI is the section comparing the 60 month disposable income to 25% of their total nonpriority unsecured claims. However, Debtors did fill out Part VI and improperly rely on it as their "secondary analysis" for the Means Test calculation.[1] The Debtors' own figures indicate that the presumption of abuse does arise. Accordingly, it must be rebutted by special circumstances or the case will be dismissed.

Although Debtors explicitly abandoned their argument that special circumstances existed (or that proof of such was even necessary in the first place), the Court notes that nothing Debtors originally claimed or even inferentially suggested could qualify as special circumstances. The

---

[1] The third Means Test (which Debtors admitted indicates the presumption of abuse arises), like the fourth and most recent Means Test, checked the box indicating "The amount set forth on Line 51 is more than $11,725." In both Means Tests, the Debtors improperly went on to fill out Part VI to indicate that the secondary determination does not trigger the presumption of abuse. However, only on the fourth Means Test did Debtors claim that the secondary determination overruled the primary determination.

4

statute itself states "the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces." § 707 (b)(2)(B)(i). In the affidavit of special circumstances filed along with the original Means Test, Mr. Nabulsi stated: "I received overtime through the first half of 2011. The overtime available at my employment is not available like it was in early 2011. I have 401k loans in the amount of $1713 per month. My 401k loans are not due to be paid off until the year 2013." The Court notes that a reduction in employment compensation does not constitute a special circumstance, but rather is quite a common occurrence for those who file Chapter 7 bankruptcies. In addition the repayment of 401(k) loans are ordinarily insufficient to constitute special circumstances. In re Weinert, 11-69840, 2013 WL 1694482 at *10 (Bankr. E.D. Mich. 2013).

Regardless of whether the issue is viewed from the date of the bankruptcy filing, the date of the evidentiary hearing, or today, the presumption of abuse arises under § 707 (b)(2) and is not rebutted. A discussion of the totality of the circumstances under § 707 (b)(3) is not necessary. Accordingly, the Motion to Dismiss is granted and the UST shall present an appropriate order.

.

**Signed on July 16, 2013**

                                                 **/s/ Walter Shapero**
                                          **Walter Shapero**
                                          **United States Bankruptcy Judge**